FILED
U.S. DISTRICT COURT
2012 JUN 28 PM 12:05
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

QUILLIE GRIMES,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV212-102

JUDGE LOSSER and
SHARON GIBBS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Quillie Grimes ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983. Plaintiff also filed an Application to Proceed in forma pauperis. A plaintiff seeking to proceed in forma pauperis must comply with the mandates of 28 U.S.C. § 1915, which states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule

AO 72A
(Rev. 8/82)

12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490.

Plaintiff alleges that Defendant Judge Losser asserted jurisdiction over him in a matter wherein Judge Losser did not have jurisdiction. Plaintiff alleges that he specially appeared before Judge Losser under threat, duress, and coercion. Plaintiff alleges that he was falsely arrested and then incarcerated. Finally, Plaintiff alleges that upon his release from incarceration, he had to walk approximately forty miles on an injured ankle; Plaintiff states that the injury to his ankle was not the fault of Judge Losser. Plaintiff states that his causes of action against Judge Losser are fraud and conspiracy. Plaintiff also names Sharon Gibbs as a Defendant.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has stated no allegations against Gibbs. As a result, Plaintiff has not shown that he is entitled to any relief against Gibbs.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Plaintiff's allegations against Judge Losser all arise from a judicial proceeding wherein Judge Losser was acting in her judicial capacity. As a result, Plaintiff's claims against Judge Losser are barred by judicial immunity.

AO 72A
(Rev. 8/82)

## CONCLUSION

Plaintiff's Motion to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 28th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE