IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

QUILLIE GRIMES,

        Plaintiff,

v.

JUDGE LOSSER and
SHARON GIBBS,

        Defendants.

CIVIL ACTION NO.: CV212-102

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated June 28, 2012, which recommended dismissal of his Complaint brought under 42 U.S.C. § 1983. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

Plaintiff filed an action against Judge Losser and Sharon Gibbs. In his Complaint, Plaintiff alleges that Judge Losser asserted jurisdiction over him in a matter wherein Judge Losser did not have jurisdiction. Plaintiff alleges that he specially appeared before Judge Losser under threat, duress, and coercion. Plaintiff alleges that he was falsely arrested and then incarcerated. Finally, Plaintiff alleges that upon his release from incarceration, he had to walk approximately forty miles on an injured ankle; Plaintiff states that the injury to his ankle was not the fault of Judge Losser. Plaintiff

states that his causes of action against Judge Losser are fraud and conspiracy. Plaintiff's Complaint makes no allegations against Sharon Gibbs.

The Magistrate Judge recommended dismissal of Plaintiff's claims against Judge Losser because those claims are barred by judicial immunity. As stated in <u>Williams v. Alabama</u>, 425 F. App'x 824, 826 (11th Cir. 2011), and in the Magistrate Judge's Report, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." <u>Id.</u> (quoting <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000)). The undersigned agrees with the Magistrate Judge's determination that Plaintiff's allegations against Judge Losser arise from a judicial proceeding wherein Judge Losser was acting in her judicial capacity. Plaintiff's claims against Judge Losser are barred by judicial immunity.

The Magistrate Judge recommended dismissal of Sharon Gibbs as a Defendant because Plaintiff stated no allegations against Sharon Gibbs. Plaintiff, therefore, did not set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).

In his Objections, Plaintiff, seemingly, attempts to state a claim against Sharon Gibbs. Objections are not the proper forum to bring claims. See <u>Williams v. McNeil</u>, 557 F.3d 1287 (11th Cir. 2009). Even if objections were the proper forum to bring claims, Plaintiff's allegations do not state a claim upon which relief can be granted. Plaintiff alleges that Sharon Gibbs, "the municipal court clerk, public servant and trustee," along with Judge Kathy Loeffler, "are in breach of trust." (Doc. No. 10, p. 1). The Court assumes that Judge Kathy Loeffler, who is not a named Defendant, and Judge Losser, a named Defendant, are the same person. Plaintiff states no facts

supporting his assertion that Sharon Gibbs is "in breach of trust" to him. Additionally, "breach of trust" is not a violation of any of Plaintiff's constitutional rights.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 22 day of July, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA